ANTHONY DeBELLO, BY HIS NEXT FRIEND, JACK De-BELLO, PLAINTIFF-RESPONDENT, v. REEP & BLACK-FORD, INC., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

Submitted March 20, 1924—Decided May 29, 1924.

**Negligence—Motor Vehicle Injury—Defendant's Car Driven by Employe on Errand of Employer Goes Out of Direct Way to do an Errand for Himself—Held to be in Employer's Service at Time of Accident.**

On appeal from the Second District Court of the city of Newark.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellant, *Charles Jones.*

For the respondent, *Kessler & Kessler.*

PER CURIAM.

The plaintiff was injured in an accident on August 27th, 1923, on Maple avenue, in Montclair. Suit was brought against the defendant for the damages sustained and re-

sulted in a judgment in his favor in the Second District Court of Newark. On this appeal by the defendant a single question is raised, viz., whether the defendant's car, which was involved in the accident and which was being driven by its chauffeur, was at the time in the service of the employer.

The employe who was driving the car had received instructions from the defendant to go to New York for some spare auto parts, and that on the way he was to stop for the wife of Mr. Reep, take her to Newark, get some parts and then take her to the tube to go to New York. He proceeded on his errand. His direct course, apparently from his own testimony, was in a westerly direction to Greenwood avenue. Instead, he drove eastwardly down Glenridge avenue to Maple avenue to pick up a boy friend who had asked him to take him to Newark. Having reached Maple avenue, and while proceeding in a southerly direction on that street, the accident occurred upon which this suit is based. It further appears that he was intending to pick up his friend because he knew his employer would not object.

In this situation the court, sitting without a jury, found against the defendant on this point, and the judgment above recited was the result.

In the case of *Mechan* v. *Walker*, 117 *Atl. Rep.* 609, it was declared by the Court of Errors and Appeals that "proof of defendant's ownership of an automobile being driven on a public highway raises a presumption of fact that such automobile is in the possession of the defendant through his servant, the driver, and necessarily includes the presumption of fact that the servant in so driving the car is acting within the scope of his employment." The presumption thus existing raises a *prima facie* case which, in the absence of rebutting testimony, would justify a finding for the plaintiff. To meet the presumption thus raised the proofs disclose that, while still on the errand assigned to him by his employer, the chauffeur was intending to pick up a friend. It is true that he was deviating from the course that he would otherwise have taken, but it is also true that he was

still, at least in part,, on the errand assigned him. The course he was taking was a detour, but it was not an abandonment of the general course of his travel. Under these circumstances we think the evidence is not sufficiently clear to show that the presumption of law which attached to the ownership of the car was so completely rebutted as to make the question one of law rather than one of fact.

Finding no error in the ruling of the court, the judgment is affirmed.